IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KAREN MOORE,**
**DAVID DAVIS, MISTY DAVIS,**
**and LILLIAN DAVIS,**

      **Plaintiffs,**

v.                                                                               CIVIL ACTION NO. 1:12cv109

**SEARS HOME IMPROVEMENT PRODUCTS, INC.,**
**DEBRONS, LLC, NATIONWIDE MUTUAL**
**INSURANCE CO., and TERRENCE BOYD,**

      **Defendants.**

### ORDER/OPINION

This matter is before the Court pursuant to Defendant Sears Home Improvement Products, Inc.'s ("Sears") Motion to Compel [D.E. 40] filed November 26, 2012. Plaintiff s have not timely filed a response to the motion. This matter was referred to the undersigned by United States District Judge Irene M. Keeley on November 27, 2012 [DE 40].

Plaintiffs filed a Complaint against the defendants in this matter in the Circuit Court of Monongalia County, West Virginia, on or about June 1, 2012. The defendants removed the case to this Court on July 5, 2012. Defendant Sears filed its Answer to the Complaint on July 18, 2012. Plaintiffs filed an Amended Complaint on October 1, 2012. Sears filed its Answer to the Amended Complaint on October 11, 2012.

As Plaintiffs have not filed a response to the motion to compel, the Court will use the facts regarding the issue as set out by Sears. On September 26, 2012, Sears served "Defendant, Sears Home Improvement Products, Inc.'s First Set of Interrogatories and Request for Production of Documents to Plaintiffs." Responses thereto would have been due on or before October 29, 2012. On November 26, 2012, Sears filed its Motion to Compel. As grounds for the Motion, Sears

asserted that Plaintiffs had failed to respond to the discovery requests. Sears also stated that on November 5, 2012, its counsel sent counsel for Plaintiffs a letter reminding him that the discovery responses had been due on or about October 29, 2012, and asking when the responses could be expected. On November 20, 2012, Sears' counsel again sent a letter to Plaintiffs' counsel inquiring about when the discovery responses could be expected. As of the filing of the motion to compel on November 26, 2012, no responses had been filed.

Sears represents that it was continuing to work with Plaintiffs' counsel to address the responses, and anticipated the responses would be served in the near future, and that it was filing the motion to compel solely to protect its interests and preserve its right to object to the untimely and/or incomplete responses which may be provided at some time in the future.

A review of the docket does not indicate any Certificate of Service for any Responses to the discovery requests as of the date Sears filed the Motion to Compel. There is, however, a Certificate of Service dated December 7, 2012, indicating "Answers to Defendant Sears Home Improvement Product's First Set of Interrogatories & Request for Production to Plaintiffs" was served on counsel for Sears that date [D.E. 44]. Plaintiffs have not filed any response to the Motion to Compel and the time for the filing of any such response has passed.

The Court is cognizant of and appreciates the parties' continuing efforts to resolve the issue without the Court's involvement. The Court, however, has no idea if the responses to the discovery requests will be found to be sufficient by Sears, and enters this Order to move the case alongand to assure the issue is resolved.

Fed. R. Civ. P 33(b)(2) provides:

The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

Rule 33(b)(4) provides:

The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.

Rule 34(b)(2) provides:

The party to whom the request is directed must respond in writing within 30 days after being served. A shorter or longer time may be stipulated to under rule 29 or be ordered by the court.

The Court first finds that, although Plaintiffs did eventually file at least some responses to the discovery requests, those responses were not timely. Although Sears did agree to an extension of time, and was willing to wait longer, it had already filed its Motion to Compel, in order to protect its interests, by the time the responses were filed ( nearly two weeks later). Any objections to the discovery requests were therefore waived, unless the Court finds good cause for the failure to timely respond. Because Plaintiffs have failed to file any response to the Motion to Compel, the Court is unable to find good cause for their failure to timely respond.

For the above reasons, Sears' Motion to Compel [DE 40] is **GRANTED**.

**IT IS SO ORDERED.**

The Clerk is directed to provide a copy of this order to counsel of record.

DATED: December17, 2012.

*John S. Kaull*
**JOHN S. KAULL**
**UNITED   STATES   MAGISTRATE   JUDGE**

3